# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4455 | **DATE** | July 22, 2011 |
| **CASE TITLE** | Arsenio Cooper (#M-07638) v. Stateville Correctional Center Healthcare, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#5] is granted. The court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $54.04 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Plaintiff, Arsenio Cooper, presently in state custody at Stateville Correctional Center (hereinafter, "Stateville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on April 30, 2011, he injured himself playing basketball at Stateville. He further alleges that he was taken to an outside hospital, where it was determined that he had torn his A.C.L. and a knee brace and crutches were prescribed. When he returned to Stateville from the hospital, the brace and crutches were taken away and he was moved to a new cell where he is forced to sleep in the top bunk. Plaintiff names only Stateville C.C. Health Care as a Defendant.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $54.04. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.
**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

      Plaintiff's complaint names only one Defendant: Stateville C.C. Health Care. Stateville C.C. Health Care is not a suable entity, however. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Plaintiff must name as Defendants the individual(s) who allegedly subjected him to deliberate indifference to a serious medical condition. If Plaintiff cannot name the individuals, he can name a supervisory official such as Marcus Hardy, warden of Stateville, for the purpose of identifying unknown Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996)*; Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Thus, Marcus Hardy should be named as a Defendant in the amended complaint only if Plaintiff can articulate a claim against him personally, or if he is needed to identify unnamed John Doe Defendants who are alleged to have been deliberately indifferent to Plaintiff's torn A.C.L..

      Once Plaintiff has amended his complaint to name Marcus Hardy as a Defendant, and counsel for Hardy has appeared and answered the amended complaint, Plaintiff should serve on counsel for Defendant Hardy discovery requests pursuant to the Federal Rules of Civil Procedure, calculated to determine the identity of the correctional and medical defendants who allegedly violated his rights. Once he has ascertained the identities of the unnamed Defendants, Plaintiff can again amend his complaint to substitute them as Defendants, and dismiss Defendant Hardy as a Defendant.

      Plaintiff is advised to conduct discovery as soon as possible to obtain the names of the Defendants in question. The statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe Defendants with named Defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

      The complaint on file is therefore dismissed without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed, but Plaintiff will remain responsible for paying the filing fee.